# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                                    Case No. 6:06-cr-102-Orl-31KRS

**NEVIN CARL CLEMMER**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

Pursuant to Local Rule 6.01(c)(16), on June 23, 2006, I conducted the Final Probation Revocation Hearing of the Defendant. Subsequently, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervised Release, in which it amended one of the violations listed in the original petition.[1] The parties stipulated that the Court should rely on the evidence presented at the original final revocation hearing in resolving the amended petition. Doc. Nos. 31 & 32.

In the Petition, Probation Officer DeCarlos Sheppard alleges the Defendant was in violation of:

- Supervised Release Standard Condition 1

Which states that while on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance, and shall not possess a firearm or destructive device. The defendant shall comply with the standard conditions that have been adopted by this court.

---

[1] Because I had already issued a report and recommendation as to the another alleged violation stated in the original petition, the Probation Office, at my instruction, did not include the additional alleged violation in the amended petition.

The amended petition alleges as follows:

> On or about May 1, 2006, the defendant committed the crime of Exposure of Sexual Organs, by exposing his genitals to residents residing at the Security Inn, located at 3300 W. Colonial Drive, Orlando, Florida. This is a violation of Florida Statute 800.03

Florida Statute § 800.03 provides, in pertinent part, as follows:

> It is unlawful to expose or exhibit one's sexual organs in public or on the private premises of another . . . in a vulgar or indecent manner, or to be naked in public except in any place provided or set apart for that purpose.

In order for nudity to be prosecuted under section 800.03, "there must be a lewd or lascivious exhibition or exposure of the sexual organs." *Duvallon v. State*, 404 So.2d 196, 197 (Fla. 1st Dist. Ct. App. 1981). The terms lewd, lascivious and indecent under Florida law "are synonymous and connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator." *Wonyetye v. State*, 648 So. 2d 797, 799 (Fla. 4th Dist. Ct. App. 1994)(citing *Boles v. State*, 27 So. 2d 293, 294 (Fla. 1946)). Whether a defendant's conduct was "vulgar or indecent" under the statute is a question of fact. *See Ross v. State*, 876 So. 2d 684, 686 (Fla. 4th Dist. Ct. App. 2004).

The evidence in this case established that the Defendant exposed his sexual organs while in the motel room where he was living. The door to the room and the curtains were opened. The Defendant admitted that others saw him. In his written statement, the Defendant stated that the occurrence was unexpected and unplanned. There is no evidence that Defendant acted out of a "wicked, lustful, unchaste, licentious, or sensual design." Under these circumstances, the United States failed to establish that Defendant violated section 800.03.

Accordingly, the undersigned finds that the Defendant did not violate the terms of his supervised release as alleged in the amended petition and respectfully recommends that the Court adopt this finding.

The Defendant is in custody of the U.S. Marshal pending sentencing.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days of the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on this 15th day of August, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
United States Attorney
United States Probation Office
Counsel for Defendant
Nevin Carl Defendant